1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    PRESTON WILLIAM              )
     BRAXTON,                     )        No. C 06-3149 JSW (PR)
9                                 )
                 Petitioner,      )        **ORDER DISMISSING PETITION**
10                                )
          v.                      )
11                                )
     A. P. KANE, Warden,          )
12                                )
                 Respondent.      )
13   _____)
14
15          Petitioner, a former state prisoner previously incarcerated at the Correctional
16   Training Facility in Soledad, California, filed a petition for writ of habeas corpus pursuant
17   to 28 U.S.C. § 2254.  The petition is directed to the failure of that facility to provide him
     with a proper diet of kosher food.
18
19          Petitioner's claims do not involve the fact or duration of his confinement, hence
20   they are not the proper subject of a habeas action. *See Moran v. Sondalle*, 218 F.3d 647,
     650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights
21   action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599
22   F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis
23   that challenges to terms and conditions of confinement must be brought in civil rights
     complaint).
24
25          A district court may construe a habeas petition attacking conditions of confinement
26   as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S.
27   249, 251 (1971).  However, although the court may construe a habeas petition as a civil
     rights action, it is not required to do so.  Since the *Wilwording* case was decided there
28

**United States District Court**
For the Northern District of California

have been significant changes in the law.  For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from his or her prisoner account.  In view of this, this case will be dismissed without prejudice to Petitioner filing a civil rights action if he wishes to do so in light of the above.

IT IS SO ORDERED.

DATED:  October 16, 2006

JEFFREY S. WHITE
United States District Judge